IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAGICOR LIFE INSURANCE COMPANY, a Texas corporation, | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. |
| LORETTA COLLINS and PAMELA WHITESIDE, | ) ) ) ) | |
| Defendants. | ) | |

COMPLAINT FOR INTERPLEADER

Plaintiff Sagicor Life Insurance Company brings this complaint for Interpleader against defendants Loretta Collins and Pamela Whiteside, and states as follows:

INTRODUCTION

1. Sagicor brings this Interpleader action as it seeks a declaration of rights under two of its issued annuity policies.

PARTIES AND VENUE

2. Sagicor is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in Scottsdale, Arizona. Sagicor legally transacts insurance business in the State of Illinois.

3. Upon information and believe, defendant Collins is a resident of Maywood, Illinois.

4. Upon information and believe, defendant Whiteside is a resident of Forney, Texas.

5. Jurisdiction is proper in accordance with 28 U.S.C. § 1335(a).

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1397 in that this is a civil action in interpleader and is brought in a judicial district in which one of the claimants resides. Alternatively, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this interpleader action occurred in this District.

## FACTS

7. Sagicor issued an annuity to Ivory H. Hill on April 29, 2008, policy number S000010834, and issued a second annuity to Hill on September 17, 2008, policy number S000011692 (the "Annuities"). Hill was both the owner and the annuitant of the Annuities, and Whiteside was designated as the beneficiary for both Annuities. The Annuities had a single premium payment of $50,000 for policy number S000010834 and a single premium payment of $35,000 for policy number S000011692. A copy of each of the Annuity's Schedule Page is attached hereto as Exhibit A.

8. On August 9, 2010, Sagicor received a policy title change request form ("Change Form") from Hill, seeking to change the owner, annuitant, and beneficiary to Collins. A copy of the Change Form is attached as Exhibit B.

9. On October 22, 2010, Sagicor sent Hill correspondence indicating (a) that it appeared that his signature had changed from the date of application and requesting him to send in a notarized statement to verify his signature and that he was requesting an ownership and beneficiary change; and (b) that he could only use the Change Form to change the owner and beneficiary of the Annuities. Copies of the October 22, 2010 correspondence is attached as Exhibit C.

10. Hill never submitted the notarized signature form.

11. Hill died On December 22, 2010.

## INTERPLEADER

12. On February 11, 2011, Collins called Sagicor to inform the company of Hill's passing.

13. On that date, Sagicor sent Collins correspondence that Whiteside was still listed as the primary beneficiary. A copy of the February 11, 2011 correspondence is attached as Exhibit D.

14. On March 3, 2011, Collins filed a claim under the Annuities.

15. This is an action of interpleader brought under Title 28 of the United States Code, Section 1335. There are two claimants, citizens of different states, claiming to be entitled to the proceeds of the Annuities. At the time of death, the combined value of the Annuities was roughly $70,700.

16. Sagicor does not dispute the existence of the Annuities or its obligation to pay the contractually required payment under the Annuities.

17. Due to the conflicting claims under the Annuities, Sagicor is presently unable to discharge its admitted liability under the Annuities by reason of the adverse and conflicting claims described above.

18. Sagicor is indifferent among the Defendants, and has no interest in the benefits payable under the Annuities as asserted in this Complaint other than to pay its admitted liability pursuant to the terms of the Annuities, which Sagicor has been unable to do by reason of competing claims. Justice and equity dictate that Sagicor should not be subject to disputes between the Defendants. Thus, this Court should order Defendants to litigate all matters relative to the disputed benefits under the Annuities among themselves and dismiss and discharge Sagicor from all further proceedings. Sagicor has filed a suitable and proper Complaint for

Interpleader and should be dismissed by judgment after deposit of its admitted liability into the registry of this Court.

WHEREFORE, plaintiff Sagicor Life Insurance Company, respectfully requests pursuant to 28 U.S.C. 1335 that this Court enter an Order:

(a) That this Court approve Sagicor deposit of its admitted liability with the Clerk of the Court in the amount of roughly $70,700;

(b) That Defendants be temporarily enjoined during the pendency of this suit and thereafter permanently and perpetually enjoined from commencing any proceedings or prosecuting any claim against Sagicor in any state or federal court or other forum with respect to the Annuities;

(c) That judgment be entered in favor of Sagicor on the Complaint in Interpleader;

(d) That Sagicor be excused from further attendance upon this case, be dismissed from this case with an express finding of finality pursuant to Rule 54(b) of the Federal Rules of Civil Procedure;

(e) That Sagicor be awarded actual court costs and reasonable attorneys' fees incurred in connection with this interpleader action to be paid out of the admitted liability deposited by it with the Clerk of the Court; and

(f) That Sagicor be granted such other and further relief as this Court deems just and appropriate.

SAGICOR LIFE INSURANCE COMPANY,
Plaintiff

By: /s Alexander D. Marks
One of Its Attorneys

Frederic A. Mendelsohn
Alexander D. Marks
Burke, Warren, MacKay & Serritella, P.C.
I.D. No. 41704
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607
(312) 840-7000
(312) 840-7900 (facsimile)
870288.1